Mr. Dickey are you prepared? I am Mr. Chief Judge and may it please the court. My name is Gary Dickey. I represent Heather Trogdon who asked this court to reverse the district The relevant analysis your honors begins with the Riley versus California decision in which the United States Supreme Court clarified that the search incident to arrest exception really consists of three related rules. The first is the Chamele rule in which searches within an arrestee's immediate control are justified based on officer safety and the need to prevent the The second rule is the Robinson line of cases which is a per se rule that allows the search of an arrestee's person and the personal property that's immediately associated on that arrestee's person. And then the final rule comes from Arizona Vigant in which the police may search a vehicle when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search. And of course the Riley decision itself created a sort of fourth rule that subsequent searches of cell phones are not reasonable under the search incident to arrest rule. None of these justifications support law enforcement search of Ms. Trogdon's backpack in this case. It was not a vehicle related search so the Gantt rule does not apply. It was not a search of Ms. Trogdon's person so the Robinson line of cases do not apply which only leaves the Chamele rule and that the United States Supreme Court as well as this court has made clear is limited to the grab areas or areas within the wingspan of an arrestee. Also could some form of inevitable discovery rationale support not suppressing the evidence here? Mr. Chief Judge not on this record. So it possibly if the government had met its burden so recall this is a warrantless search so it's presumptively unreasonable and the burden is on the government to show inevitable discovery. At the district court the government posited two theories one or I guess one theory which was that the backpack would have been seized and transported to the jail and then searched at the jail pursuant to an inventory search. That's how I... What about a search on the premises based on the investigation of shoplifting that they recovered items removed from the store without payment that were open and obvious based because of their position on the on the defendant. Why wouldn't it have been reasonable that there might be other stolen items or unpaid for items contained in the bag? That's an entirely reasonable conclusion and to be clear we do not argue that the government lacked probable cause to believe that there was stolen items in the backpack. The government certainly had probable cause to seize the backpack but at that point they had no they had no basis to search the backpack without getting a warrant. So had the law enforcement seized the backpack and obtained a warrant they could have searched that backpack and let me be clear why the warrant requirement is particularly important in this case. So it does two things first the warrant requirement obviously interposes a neutral and detached magistrate between law enforcement and Ms. Trogdon which is important in and of itself but second the warrant requirement you know would have imposed a particularity limitation to the search which was not which was not present in this case. So had law enforcement obtained a warrant it would have limited the search to looking for stolen merchandise and as the video shows this was a general search. The law enforcement officer pulled out medication looked at the medication which was in no way related to the search for stolen merchandise. So the warrant requirement isn't just the technicality in this case your honor it would serve and would have served an important purpose had the government sought one. Perhaps with a warrant requirement if law enforcement opens the main compartment to the bag and doesn't immediately see any stolen merchandise they don't continue generally rummaging through the backpack and find the gun. So your honor this is not a case of inevitable discovery. This is not a case in which they had the right to search Ms. Trogdon's backpack absent a warrant and so the central flaw of the district court's analysis is on full display on page eight in which the district court says which the district court says I'm going to quote from the decision the justification for a search incident to a lawful arrest is stronger when there is a likelihood of finding evidence related to the arrest in the subject item of the search and for that premise you've acknowledged that there was probable cause to search for evidence related to the shoplifting investigation right and so that they would have had probable cause to search for shoplifting evidence and so they're on an independent investigation for a separate crime not generally searching for firearms and contraband but looking specifically for items that could have been secreted in the backpack pursuant to shoplifting and they look and there is the firearm it's not they weren't looking for a gun they acknowledged that they wanted to search the backpack but at the time they were not investigating for weapons but investigating for shoplifting and so your honor that's true in the context of vehicle searches that's true in the context of Arizona Vegan so that and that's the error of the district court that that passage the district court cites is from Arizona Vegan which the court expressly states on page 343 of the Gantt decision that portion is limited to vehicle searches because of the unique exigencies of mobility of vehicles and the diminished expectation of privacy on on inevitable discovery is not limited to vehicles though is it it is not it's not and so if the rule that says a warrant is not required if law enforcement could obtain a warrant and then they can do any general search they want then you know that that's not there's no case that allows the court to do that but that's not her argument being advanced either the argument being advanced is is that she was going to be taken into custody because she was wearing these clothes that had been shoplifted and she put on inside the store and walked out when she was going into she was carrying are going to go to the jail with her and inevitably we are going to have to do an inventory search because we inventory every single bag by policy because we don't want to be accused of having stolen the people's goods while they're in jail and that gun was in plain view so the moment that anybody opened that bag to inventory they would have seen the gun that's their argument on inevitability and so why isn't that inevitable that that's wrong for two reasons first remember the burden is on the government to show inevitable discovery and in order to just that's kind of what they think they've done they've said that here's the chain of circumstances that are going to play out all right your honor there is no inventory policy in this record i mean i does the polk county council isn't it also true that the government didn't seize the bag they gave the to the to the boyfriend i think is how the facts went is that accurate correct so mr chief judge there's two reasons first they haven't produced an inventory policy from the jail i mean that's entirely speculative on this record so they can claim there's an inventory search that would have happened but they haven't met their burden to show it and then factually we know that the backpack was turned over it wasn't inevitably inventory searched so factual and legally that that justification cannot be made they haven't met their burden mr dickie here within your rebuttal time you got about a minute left you can continue or you can reserve it i will reserve my time thank you all right thank you mr dickie miss tubs may it please the court i'm mackenzie tubs and i represent the united states of america this court should affirm the district court's denial of miss incident to arrest first and foremost this search was reasonable and that's what's paramount under the fourth amendment you watch the officer in the video approach a suspect someone who has shoplifted from the store she's outside of it was reasonable for that officer to approach her and to collect the bag that he saw in her hand the bag that was within her immediate control it was reasonable for the officer to take that bag into the loss prevention office and search it well counsel in the rationale though i i think where the appellant is going is that the the general rationale for a search incident to arrest is for the officer's safety not necessarily for the officer's investigation of a specific offense but uh it was it it's its basic rationale is to enable officers to secure uh their investigatory environment to make sure that the person they're talking to can't just reach around into a bag and and pull out a deadly weapon yes your honor that is one of the purposes of the search incident to arrest exception and i think that was effectuated here by the officer going into the controlled environment of the loss prevention office to effectuate that search now the officer but the search wouldn't be necessary if the officers have taken the bag from the possession of the uh uh the uh the person that they're detaining the officer made the decision to not conduct the search in the parking lot the officer could have at that point searched the bag in the parking lot incident to miss trogdon's arrest and what is reasonable about the officer's decision is that he instead took that into the the bag into the controlled environment of the loss prevention office but what's what's the rationale for the search is it to find a weapon or is it to find evidence of shoplifting i think and i believe the officer was intending to search the bag in their shoplifting investigation from the time they picked it up and yes we do have that testimony in the record your honor the of course we know that the officer's subjective intents uh do not matter when we consider the search incident to arrest exception but we know those in this case however the officer was um of course looking for evidence and the discusses that that is one of the rationales even in a non-vehicle context that the fourth amendment allows for the warrantless search incident to arrest it is in fact to protect evidence and that's what the officer was doing here was to protect what's your best case for the authority that uh searches incident to arrest or to preserve evidence or to locate it and preserve evidence certainly that is a discussion in gant that is the second prong of gant and that expressly recognizes that that is unique to vehicles however i think it's applicable here and that is what yes your honor i think that gant is um the clearest case that that is one of the justifications for search incident to arrest also this court's decision in morales an eighth circuit case from 1991 where in that case um we had individual we had officers waiting at a bus station for um an they searched that defendant um when the bag was three feet away from him um as well also perdomo recognizes uh this underlying justification for the search incident to arrest exception and this the the uh defendant here has not provided a reason why the district court's and the only distinguishable fact is one in favor of the government and that's that miss trogdon was not restrained whereas the defendant in perdomo was the district court's analysis and application of the perdomo decision was not erroneous and should be affirmed what's what's what's the government's position as to the uh the time of of seizure at what point was uh the appellant seized um and and subject to arrest and entitled to uh miranda warnings your honor i believe the parties are in agreement that that occurred in the parking lot at the time that miss trogdon was approached in the parking lot uh was the moment when she was arrested she was certainly not free to leave from the time she was approached in the parking lot um and that is the moment when she was seized and i think that shines the light on why this search was reasonable the other if if not at that moment um that the officer uh had arrested her the other option for the officer was to leave the bag in the parking lot and that is not reasonable the officer here collected that bag for the purpose of searching it incident to her arrest i do want you're going to conduct a search incident to the rest um and you've now got the bag how far away can you can you go from the defendant with the bag to search it right you go four blocks away and say now it's incident the rest now if the purpose of the incident of the rest is to prevent the destruction of potential evidence and to uh for officer safety well that evidence is never going to be destroyed because it's in the hands of the officer and it's not going to be uh you know subject to any uh you know risk to the officer's safety because the officer's got the bag and he her from the bag and you know and i get that it's kind of an absurd result to say walk four blocks away but the reality of is you move into a closed area where law enforcement and store personnel dramatically outnumber this woman the bag is feet away from her um and you know officer safety seems to be greatly diminished there and it seems to me that at that point the destruction is also greatly diminished and so the real question is how does it fit into a search into an incident to an arrest at that point i mean this one had to jump over the table to get to the gun and i i would disagree that the woman would have had to jump over the table it was a very small office and you can see that in the video she was unrestrained and she could have easily grabbed that bag and ran as she had already done and the officers knew that they called when she was in the office and then they come and she's in the parking lot so she had already ran once now i i believe that the uh proposition from edwards uh the supreme court case from 1974 that states that searches and seizures that could be made at on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention and so that holding um has been interpreted in many cases were those cases were those cases where there was an arrest and no reading of of miranda rights or anything other than the detention to put the accused on notice that they were under arrest and and and with rights under the fourth amendment some of the cases some of the cases were your honor and some of them were not and some of them the record is silent as to whether we have this formalization of the arrest but that's not the analysis that the court needs to be concerned with here in the parking lot was the point when miss trogdon was not free to leave now i cited a case in my brief from the third circuit the myers case and that is where the um as justice as judge erickson uh suggested where that temporal element was not met um in that case they responded to a call for a disturbance they arrested the defendant and then they went and that's not what happened here it was mere minutes when from the time that the officers seized this bag to the time they searched it it was at most three minutes and 38 seconds that it took them to walk the bag into the store and search it and in that time they were figuring out identification and that search occurred on the premise of the store that miss trogdon stole from and all of those markers show that this search was reasonable i'd like to briefly i see my time has expired but i'd like to briefly state that the government does believe it's met its burden here for the inventory search um as is always with inevitable discovery arguments where something else in fact happened um the fallacy here is that uh had the search not at all occurred they would have of course searched it at the jail and the officer testified that that was the policy and that's what would have happened and the government believes it's met its burden on that alternative theory as well we request thank you your honor mr dickey yes uh mr chief judge i may have pleased the court uh judge erickson your question about a search four blocks away illustrates the real problem with law enforcement search here under united states versus hill and united states versus jackson which we cite in our initial brief and mr chief judge those are the two cases that best support our argument they're from this circuit both cases hold that under hml search it must be and and beyond five feet was too much in that case or the wingspan as jackson calls it in this case the backpack was beyond miss trogdon's grab area or wingspan at the time of the arrest and so that distinguishes this case from morales which was three feet away and for perdoma which in which the arrestee had already fled and had to be apprehended and so therefore his potential wingspan or grab area was greatly exceeded what miss troggins would have been under these facts so we ask the court to reverse the district court's decision all right oh go ahead judge willman this has nothing to do with the legal implications of this case but i was struck by reading the transcript of the sentencing judge rose said to this person you've been clinging to the edge of a cliff by your fingernails for most of your life i would say and so this is going to be a hard transition for you i was reminded by you know we're all familiar with henry david thoreau's famous quote the mass of men live lives of quiet desperation and i wonder if that doesn't describe this person again it has nothing to do but i was struck by the poignancy of judge rose's comment it has nothing to do with the issues but i've been hearing these cases this is my 52nd year on the bench and you read these things and i guess we're thankful for the uh childhoods that we've had your honor that's my that's my sermon for the morning i did but but for the grace your honor and it's it's been my privilege to represent miss trogdon thank you mr dickie uh thank you also uh miss tubs and mr dickie we note that you have represented your client under the criminal justice act and the court thanks you for your time